UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NAFASI I. SY,

Plaintiff,

v.

JOHN DOE,

Defendant.

Case No. 1:26-cv-08089-EPG (PC)

ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED

(ECF No. 2)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

Plaintiff Nafasi I. Sy is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] (ECF No. 1). On September 9, 2026, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Inmate Statement Report from Plaintiff's prisoner trust account was filed on October 5, 2026. (ECF No. 9).

Because Plaintiff can afford to pay the filing fee for this action and still afford the necessities of life, the Court recommends Plaintiff's IFP application be denied.

## I. BACKGROUND

On September 9, 2026, along with his complaint, Plaintiff filed an application to proceed IFP. (ECF No. 2). The application requires Plaintiff to answer questions under penalty of perjury. Question 4 asks whether Plaintiff has "cash" including the balance of any checking or savings

[1] This case was transferred from the Central District of California on October 2, 2026. (ECF No. 6).

accounts. (*Id.* at 2). Plaintiff checked "yes" to Question 4 and stated that the total amount of cash was "at least [$]2,000." (*Id.*).

Plaintiff also included a handwritten attachment to the application. (*Id.* at 3). In the attachment, he includes a column labeled "transaction dates" and a column labeled "amount." (*Id.*). Plaintiff then included the dates of June 20, 2026, July 1, 2026, and July 2, 2026, each listed two times with a corresponding number of 933.32 under amount (presumably indicating dollars). (*Id.*). Finally, Plaintiff stated in the attachment: "I can pay all fees" and signed his name. (*Id.*).

In addition, Plaintiff's Inmate Statement Report shows Plaintiff's prison trust account balance as $1,121.71 at the time of filing, with an average account balance of over $635 from April 1, 2026 through September 1, 2026. (ECF No. 9).

## II. LEGAL STANDARDS

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, "all prisoners who file IFP civil actions must pay the full amount of the filing fee." *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). "If the prisoner lacks the means to pay the fee at the time of filing, the PLRA provides for assessment and subsequent collection of the fees as funds become available to him." *Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b); *Taylor,* 281 F.3d at 847).

The statute provides that a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[I]ndigent status is assessed at the time the IFP affidavit is filed." *Newsome v. Loterzstain*, No. 219CV0307JAMEFBP, 2020 WL 4501813, at *4 (E.D. Cal. Aug. 5, 2020), *report and recommendation adopted,* No. 219CV0307JAMEFBP, 2020 WL 5412996 (E.D. Cal. Sept. 9, 2020) (citing 28 U.S.C. § 1915(a)(1) (authorizing in forma pauperis status for persons who attest that they are "unable to pay such fees or give security therefore.")). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Court is then "to *assess* the initial fee based on the prisoner's account deposits and balances in the six-month period immediately preceding the filing of the complaint." *Taylor*, 281 F.3d at 850 (citing 28 U.S.C. § 1915(b)(1)).

Lastly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

**III. ANALYSIS**

The Court recommends that Plaintiff's IFP application be denied because information disclosed on the application, when taken in connection with Plaintiff's Inmate Statement Report, indicates that Plaintiff is not indigent and can afford to pay the $405 fee required to file this action.

As of September 9, 2026, Plaintiff's balance in his inmate account was $1,121.71, which is more than sufficient to pay the filing fee and still afford the necessities of life. (ECF No. 9). In addition, he had an average trust account balance of over $635 in the preceding months (*id.*) and stated "I can pay all fees" in his attachment to the IFP application. (ECF No. 2 at 3).

Because Plaintiff's disclosures reveal that he can pay the $405 filing fee and still afford the necessities of life, the Court will recommend that his IFP application be denied.

**IV. CONCLUSION AND RECOMMENDATIONS**

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

For the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be DENIED.
2. Plaintiff be ordered to pay the $405 filing fee for this action.
3. Plaintiff be advised that failure to timely pay the filing fee will result in the dismissal of this action.

\\\

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 8, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE